UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
IN RE:                                              CASE NO.: 20-42907-reg

    Lisa Marie Abbott,                           CHAPTER 11


    Alleged Involuntary Debtor.                  Judge: Robert E. Grossman
---------------------------------------------------------------x

# OBJECTION TO ENTRY OF ORDER OF RELIEF

Select Portfolio Servicing, Inc. as servicer for The Bank of New York Mellon Trust Company, National Association FKA The Bank of New York Trust Company, N.A. as successor to JPMorgan Chase Bank, N.A., as Trustee for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2006-RS3 ("SPS"), by and through its attorneys, Frenkel, Lambert, Weiss, Weisman & Gordon, LLP, and in support of its objection to entry of an order of relief, states as follows:

## BACKGROUND INFORMATION

1.    SPS is the holder of a Note and Mortgage given the alleged Debtor on December 21, 2005 to secure payment in the original principal sum of $600,000.00 pledging the real property known as 1068 East 94th Street, Brooklyn, New Yok as security (the "Property"). It should be noted that the Property is <u>not</u> the real property subject to the alleged Debtor's dispute with the petitioning creditor.

2.    On August 7, 2020, Article 13 LLC, the petitioning creditor, commenced an involuntary chapter 11 bankruptcy against the alleged Debtor.

3. On August 24, 2020, the alleged Debtor, *pro se*, filed a Motion to Dismiss. On August 24, 2020, the Debtor, through her attorney filed an Amended Motion to Dismiss on October 4, 2020.

4. On October 22, 2020, a Supplemental Summons was issued and served on the alleged Debtor.

5. On November 2, 2020, the petitioning Creditor filed an Affirmation in Opposition to the alleged Debtor's Amended Motion to Dismiss.

## STATUS OF SPS'S DEBT AND OBJECTION
## TO ENTRY OF ORDER OF RELIEF

6. Generally, the Debtor has been paying SPS regularly. The Debtor's loan is due for the June 1, 2020 payment and it appears the Debtor may have experienced a hardship during the COVID 19 pandemic. Upon information and belief, the Debtor is actively engaging directly with SPS to resolve the default.

7. SPS is not a petitioning creditor and has no intention of joining Article 13 LLC as a petitioning creditor.

8. SPS objects to the entry of a relief order in the instant case. SPS does not want loss mitigation negotiations between the Debtor and SPS to be hampered by the entry of an order of relief.

9. While SPS does not have standing pursuant to Bankruptcy Rule 1011(a) to object to and contest the petition, it should be noted from an objective standpoint that Article 13 LLC has not met their burden of proof to show that they have satisfied the requirements of 11 U.S.C. §303(b)(1) and (b)(2). Article 13 LLC commenced the bankruptcy with the mere filing of a skeletal petition which clearly shows that Article 13 LLC is the only petitioning creditor. Article 13 LLC's Opposition to the Debtor's Motion to Dismiss merely states that "[t]he Debtor most likely has no

equity in the property making Article 13, and several other creditors unsecured claimants" without any supporting evidence (Opposition Section II). Article 13 LLC does not put forth any evidence to show that their petition satisfies the numerosity requirement that there are twelve or more eligble creditors. Additionally, Article 13 LLC's claim against the alleged Debtor has not been reduced to a final judgment and based on Article 13 LLC's Opposition to the Debtor's Motion to Dismiss it appears a foreclosure was never commenced; Article 13 LLC's clam against the Debtor is subject to a bona fide dispute.

      WHEREFORE, SPS respectfully requests that the order of relief not be entered in the instant bankruptcy and for all futher relief as is just and proper.

Dated: November 9, 2020
      Bay Shore, New York

/s/Elizabeth Doyaga
BY: Elizabeth L Doyaga, Esq.
Frenkel Lambert Weiss Weisman & Gordon LLP
Attorneys for Secured Creditor
53 Gibson Street
Bay Shore, New York 11706
File: 01-094213-B00

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
IN RE:                                              CASE NO.: 20-42907

    Lisa Maria Abbott                                CHAPTER 11

                  Alleged Debtor.           Judge: Robert E. Grossman
----------------------------------------------------------------x

## CERTIFICATE OF SERVICE

    I, Elizabeth Doyaga, do certify that on November 10, 2020, I electronically filed the within Objection to Entry of Order of Relief in the above titled case with the Clerk of the Bankruptcy Court using the CM/ECF system, which sent notification of such filing to the following

| | |
|---|---|
| Wayne M Greenwald<br>grimlawyers@aol.com | Via ECF |
| United States Trustee<br>ustpregion02.br.ecf@doj.gov | Via ECF |
| Leo Jacobs<br>leo@jacobspc.com | Via ECF |

                                          S/Elizabeth Doyaga

## CERTIFICATE OF SERVICE

    I, Gina Catellano, further certify that on November 10, 2020, I mailed the within Objection to Entry of Order of Relief to the parties below via first class mail:

Lisa Maria Abbott
1068 East 94th Street
Brooklyn, NY 11236

Wayne M Greenwald
Attorney for the Debtor(s)
475 Park Avenue South - 26th Floor
New York, NY 10016


United States Trustee
Trustee
201 Varick Street, Suite 1006
New York, NY 10014

Article 13 LLC
8002 Kew Gardens Rd., Ste 300
Kew Gardens, NY 11415

Leo Jacobs
Jacobs PC
8002 Kew Gardens Rd.
Ste 300
Kew Gardens, NY 11415


    __S/Gina Castellano_____
**Frenkel Lambert Weiss Weisman & Gordon, LLP**
**80 Main Street, Suite 460**
**West Orange, NJ 07052**